IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-00150-01-CR-W-DGK |
| ) | |
| MICHAEL RYAN NEVATT, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter is currently before the Court on defendant Michael Ryan Nevatt's Motion to Sever Defendant (doc #167). For the reasons set forth below, this motion is denied.

I. INTRODUCTION

On March 30, 2016, a Criminal Complaint was filed against defendant Michael Ryan Nevatt. Defendant Michael Nevatt was arrested on March 31, 2016.

On April 21, 2016, the Grand Jury returned a one-count Indictment against defendants Michael Nevatt, Kenneth Bryant Lake, Kara Rene Baze, Scott Bryan Sands, Jerry Lee Brown and Travis Lee Bethel. The Indictment charged defendants with conspiracy to distribute 500 grams and more of methamphetamine.

On November 17, 2016, the Grand Jury returned a seven-count Superseding Indictment against defendants Michael Nevatt, Lake, Baze, Sands, Brown, Bethel, Lanny Eugene Ham, Cindy Ann Nevatt, Autumn Sky Provience, Jarub Ray Baird, Breann Nicole Hall, Jake Ian Nixon, Aaron Randall Stull, Michelle Vanne Gray and Tara L. Harken. In Count One of the Superseding Indictment, all defendants are charged with conspiracy to distribute 500 grams and

more of methamphetamine. In Count Two, defendants Michael Nevatt, Cindy Nevatt and Provience are charged with conspiracy to carry, use and possess various firearms in furtherance of the conspiracy to distribute methamphetamine charged in Count One. In Count Three, defendants Michael Nevatt, Lake, Provience and Nixon are charged with possession of firearms in furtherance of a drug trafficking crime. In Count Four, all defendants are charged with conspiracy to commit money laundering. Counts Five and Six charge defendant Michael Nevatt with engaging in monetary transactions in property derived from specified unlawful activity. Count Seven charges defendant Michael Nevatt with laundering of monetary instruments.

## II.  DISCUSSION

### A.  Joinder of Defendants

Rule 8(b), Federal Rules of Criminal Procedure, establishes the requirements for joinder of defendants. Defendants are permitted to be joined where "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "There is a preference in the federal system for joint trials of defendants who are indicted together." United States v. Anderson, 783 F.3d 727, 743 (8th Cir. 2015)(quoting Zafiro v. United States, 506 U.S. 534, 537 (1993)). This is increasingly so when it is charged that defendants have engaged in a conspiracy. See United States v. Basile, 109 F.3d 1304, 1309 (8th Cir.), cert. denied, 522 U.S. 866 (1997); United States v. Pou, 953 F.2d 363, 368 (8th Cir.), cert. denied, 504 U.S. 926 (1992). "The preference for joint trials of defendants jointly indicted, particularly where conspiracy is charged, is not limited by any requirement that the quantum of evidence of each defendant's culpability be equal." United States v. Mallett, 751 F.3d 907, 917 (8th Cir. 2014)(quoting United States v. Lewis, 557 F.3d 601, 610 (8th Cir. 2009)).

The question of whether joinder is proper is to be determined from the face of the

2

indictment, accepting as true the factual allegations in the indictment. See United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984)(overruled on other grounds), cert. denied, 471 U.S. 1115 (1985). See also United States v. Willis, 940 F.2d 1136, 1138 (8th Cir. 1991)("the indictment on its face revealed a proper basis for joinder"); United States v. Jones, 880 F.2d 55, 62 (8th Cir. 1989)("the superseding indictment reveals on its face a proper basis for joinder").

Accepting as true the factual allegations in the Superseding Indictment, it is clear that the charges in Counts One (that all defendants conspired to distribute 500 grams and more of methamphetamine), the charges in Count Two (that defendant Michael Nevatt, along with co-defendants Cindy Nevatt and Autumn Provience, conspired to carry, use and possess various firearms in furtherance of the conspiracy charged in Count One), the charges in Count Three (that defendant Michael Nevatt, along with co-defendants Kenneth Lake, Autumn Provience and Jake Nixon, possessed firearms in furtherance of a drug trafficking crime) and the charges in Count Four (that all defendants conspired to commit money laundering), satisfy the requirement that defendants are alleged to have participated in the same act or in the same series of acts constituting an offense. There is no misjoinder of defendants in this case.

      B.      <u>Defendant Michael Nevatt is Not Prejudiced By Joinder With the Other Defendants</u>

"When defendants are properly joined, there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." United States v. Casteel, 663 F.3d 1013, 1018 (8th Cir. 2011)(quoting United States v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009)). However, Rule 14, Federal Rules of Criminal Procedure, permits severance where joinder would result in unfair prejudice to a defendant. The decision to sever lies in the trial court's discretion. See United States v. Davis, 882 F.2d 1334, 1340 (8th Cir. 1989), cert. denied, 494 U.S. 1027 (1990).

3

Defendant Michael Nevatt argues that he would be prejudiced by a joint trial. Specifically, defendant states:

> 15. In this case, Mr. Nevatt has been in custody since March 31, 2016, awaiting his day in court. Since the initial indictment, in April 2016, nine more defendants have been added to the alleged conspiracy. Mr. Nevatt did not object to the first motion to continue filed on May 10, 2016 which continued the original trial date to October 24, 2016. Since then, Mr. Nevatt has objected [to] all other motions to continue. In the time he has been in custody, the trial date for Mr. Nevatt has changed three times, and if the latest motion to continue is granted and the trial is reset for August 21, 2017, Mr. Nevatt will have served over a year and a half without his day in court. ... Such delays compromise Mr. Nevatt's right to due process of law and, therefore, severance from the other defendants should be granted.
>
> 16. Additionally, even if the issues and evidence in this case were to be considered relatively straightforward, there is an inherent risk of substantial prejudice from the spillover effect of conspiracy evidence. ... This also adds to the risk that any verdict of guilt as to Mr. Nevatt will be based improperly upon *guilt by association* ... .
>
> 17. There are fifteen defendants listed on the superseding indictment. It will be impossible for jurors to compartmentalize the evidence among the various defendants and reliably discern Mr. Nevatt's degree of culpability, if guilty, even with carefully crafted instructions. Thus, any finding of guilt would be constitutionally unreliable.
>
> 18. Finally, it is anticipated that the government may attempt to admit at trial codefendant's incriminating statements to inculpate Mr. Nevatt, which may create *Bruton* confrontation violations into a joint trial. … Allowance of such statements would deprive Mr. Nevatt of his due process right to a fair trial based solely upon evidence admissible against defendant alone.

(Motion to Sever Defendant (doc #167) at 4-5)

Defendant argues that there is an inherent risk of substantial prejudice from the spillover effect of conspiracy evidence and that it will be impossible for jurors to compartmentalize the evidence among the various defendants. However, the Court notes that defendant Michael Nevatt is charged in all seven counts of the Superseding Indictment. Thus, evidence relevant to the charges in those seven counts would appear relevant to the charges against defendant

4

Nevatt.[1]  In addition, conduct in furtherance of a charged conspiracy is admissible against all coconspirators as evidence of the conspiracy.  See United States v. Ramsey, No. 11-3224, 510 F. App'x 731, 734-35 (10th Cir. Feb. 11, 2013), cert. denied, 134 S.Ct. 714 (2013).  Accord Rincon v. Burge, No. 05Civ.0686(LTS)(MHD), 2010 WL 6789121, *18 (S.D.N.Y. Sept. 8, 2010)("although some of the evidence concerned crimes in which not all of the defendants were directly involved, that evidence was admissible against all of them as alleged coconspirators, since the conduct in question involved overt acts in furtherance of the conspiracy").

To the extent that evidence would be admissible in a joint trial that would otherwise not be admissible if defendant Michael Nevatt were tried alone, the law is clear that a defendant is not entitled to severance simply because the evidence against a co-defendant is more weighty than the evidence against him or because evidence admissible against a co-defendant may make his case more difficult to defend.  In United States v. Willis, 940 F.2d 1136 (8th Cir. 1991), cert. denied, 507 U.S. 971 (1993), the court found:

> There can be little doubt that the joint trial made it more difficult for Willis [a minor participant charged in only two of thirty-two counts] to defend himself. The evidence clearly revealed that Duke was a major drug dealer with a "far-flung" operation.  But difficulty alone is not a reason to reject joinder.  A showing of clear prejudice must be made.

Id. at 1139.  See also United States v. Pecina, 956 F.2d 186, 188 (8th Cir. 1992); United States v. Davis, 882 F.2d 1334, 1340 (8th Cir. 1989), cert. denied, 494 U.S. 1027 (1990).

Prejudice may occur if the jury is unable to compartmentalize the evidence against each defendant.  See Willis, 940 F.2d at 1138.  However, this potential problem can normally be

---

[1] In its response, the government states that "defendant [Michael Nevatt] is the lead defendant in the case and nearly all the evidence deals directly or indirectly with him or his actions." (Government's Amended Response in Opposition to Defendant's Motion to Sever Defendant (doc #171) at 4)

5

resolved through applicable jury instructions.  See Pecina, 956 F.2d at 188 ("Disparity in the weight of the evidence as between ... parties does not entitle one to severance ... In addition, the district court gave precautionary instructions advising the jury of the proper use of evidence as related to each defendant and each charge"); United States v. McConnell, 903 F.2d 566, 571 (8th Cir. 1990)("the roles of the individual [defendants] were sufficiently distinct that the jury, aided by the court's instructions, could compartmentalize the evidence against each defendant"); United States v. Jones, 880 F.2d 55, 63 (8th Cir. 1989); United States v. Jackson, 549 F.2d 517, 526 (8th Cir.), cert. denied, 430 U.S. 985 (1977).

There is no reason to question that any possible prejudice to defendant Michael Nevatt resulting from any evidence which is not evidence of the conspiracies and/or the other charges brought against Nevatt and which is presented against his co-defendants cannot be resolved through precautionary jury instructions.

As to defendant's argument that the government may attempt to admit at trial a co-defendant's incriminating statements to inculpate him, defendant has provided the Court with no information regarding the potentially incriminating statements. The Court notes that statements made by a coconspirator in furtherance of the conspiracy are not precluded by Bruton. See United States v. Avila Vargas, 570 F.3d 1004, 1008-09 (8th Cir. 2009). As set forth in Avila Vargas:

> In Bruton v. United States, [391 U.S. 123 (1968),] the Supreme Court held that the admission of a non-testifying defendant's statement that incriminated a co-defendant violated the latter's confrontation clause rights. 391 U.S. at 135-36. Bruton, however, does not preclude the admission of statements by a coconspirator in furtherance of the conspiracy. United States v. Spotted Elk, 548 F.3d 641, 662 (8th Cir. 2008); United States v. Singh, 494 F.3d 653, 658-59 (8th Cir. 2007); see also United States v. Coco, 926 F.2d 759, 761 (8th Cir. 1991). Such statements are generally admissible absent confrontation because they are not testimonial. Spotted Elk, 548 F.3d at 662; Singh, 494 F.3d at 658-59; see also Crawford v.

6

> Washington, 541 U.S. 36, 56 (2004)("Most of the hearsay exceptions covered statements that by their nature were not testimonial-for example, business records or statements in furtherance of a conspiracy.") Under Crawford v. Washington, the confrontation clause has no application to out-of-court non-testimonial statements. Whorton v. Bockting, 549 U.S. 406, 420 (2007); Spotted Elk, 548 F.3d at 662; see also Melendez-Diaz v. Mass., --- U.S. ----, 129 S.Ct. 2527, 2539 (2009)("Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because ... they are not testimonial.") Garcia's statement identifying Vargas as his source was not testimonial and thus did not implicate Vargas's Sixth Amendment confrontation clause right. We find no Bruton error.

570 F.3d at 1008-09. Thus, any statements made by defendant Michael Nevatt's co-defendants in furtherance of the charged conspiracies were not testimonial and, thus, do not implicate defendant Nevatt's Sixth Amendment right to confrontation.

To the extent that the government intends to offer at trial any statements which present Bruton issues, the Trial Order requires the government to present to the Court the statements along with proposed redactions no later than thirty days prior to trial.[2] To date, no statements have been presented to the Court.

Finally, defendant argues that the filing of the Superseding Indictment with the addition of nine defendants will prejudice him in that his day in court will be delayed if he is not severed from co-defendants who need additional time to prepare for trial. In evaluating a Sixth Amendment claim for pretrial delay, the Court considers four factors: (1) the length of delay; (2) the reason for delay; (3) whether the defendant asserted the right to a speedy trial; and (4) prejudice to the defendant. See United States v. Jenkins-Watts, 574 F.3d 950, 966 (8th Cir. 2009), cert. denied, 559 U.S. 1019 (2010); United States v. Titlbach, 339 F.3d 692, 699 (8th Cir.

---

[2]In its response, the government acknowledges that if a Bruton issue arises, it is incumbent on the government to come up with a strategy to deal with the issue through redaction or non-use. (Government's Amended Response in Opposition to Defendant's Motion to Sever Defendant (doc #171) at 8)

7

2003). "A delay approaching one year may meet the presumption of prejudicial delay and require the application of the other factors." Jenkins-Watts, 574 F.3d at 966.

With respect to the first and second factors, defendant Michael Nevatt initially appeared before this Court on March 31, 2016. Thus, the delay in trial is approaching one year. However, the delay in trial up until now has been at the request of the defendants.[3] A delay in trial beyond the February trial docket is necessitated as a result of the filing of a Superseding Indictment on November 17, 2016, which added nine defendants. Counsel for defendant Breann Hall, one of the newly added defendants, has filed a motion for continuance. The case will be continued to the joint criminal jury trial docket commencing on August 21, 2017, an additional six months. The Court finds that this additional six-month delay is the result of justifiable circumstances, specifically that nine defendants have been joined for trial who need time to prepare their defense. With respect to the third factor, defendant Michael Nevatt has opposed the continuance of his trial. Finally, with respect to the fourth factor, defendant has not asserted any prejudice other than a delay in having his day in court. Defendant has not argued that there is a risk that the passage of time will impair his defense. See United States v. Shepard, 462 F.3d 847, 864 (8th Cir. 2006)(no Sixth Amendment speedy trial violation where defendant did not allege that his defense was impaired by the delay, but rather alleged that oppressive pretrial incarceration kept him from seeing his children and caused him anxiety). Considering the factors set out above, the Court finds that defendant Michael Nevatt's due process right to a speedy trial has not been violated.

While the Court is sensitive to the fact that defendant Michael Nevatt has been before the

---

[3]While defendant Michael Nevatt did express an objection to continuing the case from the October 2016 docket to the February 2017 docket, defendant Nevatt was joined for trial with defendants Baze, Sands, Brown and Bethel and no motion for severance had been filed.

Court for an extended time, the Court finds that the burden and costs of separate trials outweigh any possible prejudice resulting from a further delay brought on by the filing of the Superseding Indictment with its additional defendants and resulting continuance. The Court will make every effort to ensure that the trial of this case occurs as soon as is practicable and in accord with the Speedy Trial Act.

### III. CONCLUSION

Rules 8 and 14 are designed to promote judicial economy and efficiency and to avoid a multiplicity of trials as long as these objectives can be achieved without substantial prejudice to the right of the defendant to a fair trial. See Zafiro v. United States, 506 U.S. 534, 540 (1993). Given the Court's findings that defendant Michael Nevatt is properly joined with his co-defendants and that defendant's claims of prejudice must fail, it is

ORDERED that defendant Michael Nevatt's Motion to Sever Defendant (doc #167) is denied.

                                          */s/ Sarah W. Hays*
                                          SARAH W. HAYS
                                        UNITED STATES MAGISTRATE JUDGE